1  Robert C. Pearman, Jr., Esq.
2  rpllp@znet.com
   Tel (213) 533-4125, Fax (213) 533-4126
3  ROBINSON & PEARMAN LLP
4  Gerald Greene, Esq.
   gergreene@earthlink.net
5  Tel (213) 996-8484, Fax (213) 996-8483
6  555 West 5th Street, 31st Floor
   Los Angeles, California 90013
7
8  Attorneys for the Plaintiff
9
   Edward Patrick Swan, Jr.,
10 Aaron T. Winn
   LUCE, FORWARD, HAMILTON &
11 SCRIPPS LLP
12 600 Broadway, Suite 2600
   San Diego, CA 92101-3372
13 Tel (619) 236-1414, Fax (619) 232-8311
14

Carl D. Crowell, *pro hac vice*
carl@kite.com
Tel (503) 581-1240, Fax (503) 585-0368
CROWELL ING, LLP
1313 Mill Street, Suite 200
Salem, Oregon 97308

NOTE CHANGES MADE BY THE COURT

Steven P. Pixley, *pro hac vice*
STEVEN P. PIXLEY LAW OFFICES
Third Floor, TSL Plaza
Beach Road
PO Box 7757 SVRB
Saipan, M.P. 96950
Tel (670) 233-2898/5175
Fax (670) 233-4716

15
16 Attorneys for the Defendants

NOTE CHANGES MADE BY THE COURT

17            UNITED STATES DISTRICT COURT
18            CENTRAL DISTRICT OF CALIFORNIA

19 KING TUNA, INC., a California
   corporation,
20                    Plaintiff,
21
22              vs.
23 LUEN THAI FISHING
   VENTURES, LTD., a British
24 Virgin Islands corporation; EAST
25 ASIA FISH CO., a Philippines
   corporation; and TRIDENT
26 MARKETING INC., a California
27 corporation,
28                    Defendants.

Case No.  CV08-01251 RSWL (SSx)

**DISCOVERY DOCUMENT:**
Referred to Magistrate Judge Suzanne H.
Segal

[~~PROPOSED~~] **ORDER RE**
**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE**
**ORDER**
Courtroom:  23 – 3rd Floor
Discovery Cut-off:  January 18, 2010
Pretrial Conference:  March 23, 2010; 10:00
Trial:  April 13, 2010; 9:00

CV08-01251 RSWL (SSx)

1   GOOD CAUSE APPEARING, THE PARTIES' STIPULATED
2   CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER IS
    APPROVED AND SO ORDERED , *as modified.*
3

4

5   The Honorable Suzanne H. Segal
6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                            CV08-01251 RSWL (SSx)
28

    [PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND
    PROTECTIVE ORDER                                                    2

1  Robert C. Pearman, Jr., Esq.                Carl D. Crowell, *pro hac vice*
2  rpllp@znet.com                              carl@kite.com
   Tel (213) 533-4125, Fax (213) 533-4126      Tel (503) 581-1240, Fax (503) 585-0368
3  ROBINSON & PEARMAN LLP                      CROWELL ING, LLP
4  Gerald Greene, Esq.                         1313 Mill Street, Suite 200
   gergreene@earthlink.net                     Salem, Oregon 97308
5  Tel (213) 996-8484, Fax (213) 996-8483
   555 West 5th Street, 31st Floor
6  Los Angeles, California 90013
7

8  Attorneys for the Plaintiff

9  Edward Patrick Swan, Jr.,                   Steven P. Pixley, *pro hac vice*
10 Aaron T. Winn                               STEVEN P. PIXLEY LAW OFFICES
   LUCE, FORWARD, HAMILTON &                   Third Floor, TSL Plaza
11 SCRIPPS LLP                                 Beach Road
12 600 Broadway, Suite 2600                    PO Box 7757 SVRB
   San Diego, CA 92101-3372                    Saipan, M.P. 96950
13 Tel (619) 236-1414, Fax (619) 232-8311      Tel (670) 233-2898/5175
14                                             Fax (670) 233-4716
15
16 Attorneys for the Defendants                NOTE CHANGES MADE BY THE COURT

17           **UNITED STATES DISTRICT COURT**
18           **CENTRAL DISTRICT OF CALIFORNIA**

19 KING TUNA, INC., a California          |  Case No.  CV08-01251 RSWL (SSx)
   corporation,
20                                        |
              Plaintiff,                  |  **DISCOVERY DOCUMENT:**
21                                        |  Referred to Magistrate Judge Suzanne H.
                                          |  Segal
22        vs.                             |
23 LUEN THAI FISHING                      |  [~~PROPOSED~~] STIPULATED
   VENTURES, LTD., a British             |  **CONFIDENTIALITY AGREEMENT**
24 Virgin Islands corporation; EAST      |  **AND PROTECTIVE ORDER**
25 ASIA FISH CO., a Philippines          |  Hearing:
   corporation; and TRIDENT              |  Courtroom:  23 – 3rd Floor
26 MARKETING INC., a California           |  Discovery Cut-off:  January 18, 2010
27 corporation,                          |  Pretrial Conference:  March 23, 2010; 10:00
28            Defendants.                 |  Trial:  April 13, 2010; 9:00

## I. [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The above-captioned action ("Action") may involve the disclosure of confidential, proprietary, and trade secret information as defined by California Civil Code § 3426.1. To protect such information, King Tuna, Inc., Luen Thai Fishing Ventures, Ltd., East Asia Fish Company and Trident Marketing, Inc. ("the parties"), by and through their counsel, hereby stipulate and agree to abide by the terms of this Confidentiality Agreement and request the entry of this agreement as a Protective Order governing the parties and those privy to the information subject to this agreement.

## II. GOOD CAUSE STATEMENT

Good cause exists for this Court to enter this Stipulated Confidentiality Agreement and Protective Order. Disclosure of such information creates an opportunity for misuse. Specifically, the parties to this Action are competitors. Misuse of the disclosed information may lead to unfair competitive advantage. Further, documents containing confidential information concerning non-parties are presently ready to be produced. Such confidential information could be used as a basis for future litigation, may lead to unfair competitive advantage, invades the privacy of non-parties and will create prejudice against both parties in the subject marketplace. Finally, the documents to be produced include information regarding employee compensation; such employees have an interest in maintaining their privacy.

## III. DESCRIPTION AND IDENTIFICATION OF THE DOCUMENTS TO BE PRODUCED.

The charts produced below articulate each category of documents the parties seek to protect and the specific prejudice or harm that will result if no protective order is entered. See *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003); See *Case 2:08-cv-01251-RSWL-SS, Doc. 64, p.3.*

CV08-01251 RSWL (SSx)

2

## A. King Tuna's Documents to be Produced and Protected.

| Bates No. | Category of Documents to Protect | Specific Prejudice or Harm |
|---|---|---|
| 000011; 000013-000016; 009759-009760 | Confidential - Information regarding King Tuna employees | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 000012 | Highly Confidential – Information regarding salaries of King Tuna employees | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 000017-007250; 009797-010082; 010135-010235; 010582; 012353-012616 | Highly Confidential – King Tuna invoices including customer specific pricing and quantities sold; purchase orders of King Tuna customers; shipping documents; payments to King Tuna; King Tuna packing lists | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties – banking and financial information Prejudice: customer preferential pricing and shipping treatment |
| 007251-007478 | Confidential – Information regarding customer location and purchase history | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties – purchase history Prejudice: customer preferential shipping treatment |
| 007479-007498; 010254-010300 | Highly Confidential – King Tuna credit memoranda; transfer documents; product testing | Harm: Unfair Competitive Advantage |
| 007499-007918; 010301-010491; 010559-010581; 010635 | Highly Confidential – King Tuna purchase orders; supplier invoices; supplier packing lists; King Tuna payments | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties – sales history including pricing and shipping treatment Prejudice: preferential pricing and shipping treatment |

CV08-01251 RSWL (SSx)

| | | |
|---|---|---|
| 007919-008556; 010622-010634 | Confidential – Invoices for transportation services; United States Customs entry summaries | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-party – transportation service pricing |
| 008557-009758; 010103-010134; 010236-010247; 010583-010621 | Confidential – Reports from King Tuna's non-party storage facility including statements and invoices for services, inventory reports, warehouse receipts and receiving documents | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-party - confidential pricing for services |
| 009761-009796; 010248-010253 | Highly Confidential – King Tuna customer contact lists; King Tuna sales by customer reports | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties – customer purchase histories |
| 010083-010102 | Highly Confidential – King Tuna pricing and grading information | Harm: Unfair Competitive Advantage |
| 010636-010648 | Confidential – King Tuna marketing material | Harm: Unfair Competitive Advantage |
| 010649 | Highly Confidential – King Tuna marketing letter to non-party | Harm: Unfair Competitive Advantage |
| 010650-010655 | Confidential – King Tuna letters to customers regarding HACCP compliance; letter to King Tuna from USDC | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-party |
| 010492-010558 | Highly Confidential – Supplier processing plant descriptions | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 010656-012238 | Highly Confidential – Supplier HACCP plans | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 012239-012255 | Highly Confidential – Photographs of supplier packaging | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 012256-012283 | Highly Confidential – Photographs of suppliers processing product | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |
| 012284-012352 | Highly Confidential – Expert testimony from unrelated King Tuna litigation | Harm: Unfair Competitive Advantage; Invasion of Privacy of non-parties |

4

**B. Defendants' Documents to be Produced and Protected.**

| Category of Documents to Protect | Specific Prejudice or Harm |
| --- | --- |
| Highly Confidential - Technical documents re smoke generation systems and analysis thereof | Harm: Unfair Competitive Advantage |
| Highly Confidential - Production Diagrams | Harm: Unfair Competitive Advantage |
| Highly Confidential - Technical Engineering Reports | Harm: Unfair Competitive Advantage |
| Highly Confidential - Pictures or Inspection of Processing Plaint | Harm: Unfair Competitive Advantage |
| Highly Confidential - Client/Customer information | Harm: Unfair Competitive Advantage |
| Highly Confidential - Pricing Information | Harm: Unfair Competitive Advantage |

## IV.  PROCEDURES FOR STIPULATED PROTECTIVE ORDER

The parties agree:

1. All documents, materials, items, testimony and/or information listed above or subsequently designated upon a showing of good cause shall be governed by this Confidentiality Agreement.

2. Information or materials may be designated as "Confidential" or "Highly Confidential," meaning for Attorneys' Eyes Only, if one of the parties or a non-party has a good faith belief that the item so designated constitutes a trade secret or other confidential or proprietary technical, financial, development, or commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including, without limitation, information which concerns or relates to: processes, business plans or methods, operations, type of work, apparatus, production, processing, treatment, importation, sales, shipments, purchases, transfers, identification of customers, suppliers or processors,

5

CV08-01251 RSWL (SSx)

1  inventories, amount or source of any income, profits, losses, costs or expenditures
2  of any persons, firm, partnership, corporation, or other organization.

3       3.     Absent a specific order by the Court or agreement of the designating
4  party, once designated as "Confidential," such designated information (or extracts
5  therefrom and compilations and summaries thereof) shall be only used by the
6  persons identified in Paragraph 7 solely for this Action, and not for any business,
7  competitive, legal, governmental purpose or function, or any other purpose, and
8  such information shall not be disclosed to anyone, except as provided herein.

9       4.     Absent a specific order by the Court or agreement by the designating
10  party, once designated as "Highly Confidential," such designated information (or
11  extracts therefrom and compilations and summaries thereof) shall be only used by
12  the persons identified in Paragraph 8  solely for this Action, and not for any
13  business, competitive, legal, governmental purpose or function, or any other
14  purpose, and such information shall not be disclosed to anyone, except as provided
15  herein.

16       5.     All other information produced or made available pursuant to any
17  exchange of information in this Action shall be used solely to directly further the
18  claims or defenses of the parties, and not for any other purpose.

19       6.     The designation of information or material as "Confidential" or
20  "Highly Confidential," for purposes of this Confidentiality Agreement, shall be
21  made in the following manner by the party or non-party seeking protection:

22       A.     In the case of documents, exhibits, briefs, memoranda, interrogatory
23  responses, responses to requests for admission, or other materials (apart from
24  depositions or other pretrial or trial testimony): by affixing, as appropriate,
25  "Confidential" or "Highly Confidential," or similar legend, to each page containing
26  any confidential information or material at the time such documents are produced or
27  such information is disclosed, or within ten (10) days of production or disclosure of
28  such confidential information or material in the event the party or non-party seeking

1   protection becomes aware of the confidential nature of the information or material
2   disclosed subsequent to the date the information or material was disclosed or
3   produced.  In no event shall the confidentiality legend interfere with the legibility of
4   information contained in a document;

5       B.      Documents designated as "Confidential" or "Highly Confidential,"
6   may be made available for inspection prior to the stamping or labeling of them as
7   such; however, such documents must be labeled or stamped as "Confidential" or
8   "Highly Confidential" prior to providing copies to counsel for the inspecting party;
9   and

10      C.      In the case of depositions, by written notice of such designation sent by
11  counsel to all parties within thirty (30) days after the delivery to counsel of the
12  transcript of the deposition.  However, during a deposition, the deponent or his
13  counsel, or any other counsel of record present at the deposition, may invoke the
14  provisions of this Confidentiality Agreement in a timely manner, giving adequate
15  warning to counsel for the party or non-party that testimony about to be given or
16  just given is deemed "Confidential" or "Highly Confidential."  The parties may
17  modify this procedure for any particular deposition or proceeding through
18  agreement on the record at such deposition or proceeding or by written stipulation,
19  without further order of the Court.  The party or non-party invoking this provision
20  may request the exclusion of certain persons from the deposition as appropriate and
21  may also direct the court reporter to mark the transcript portion as "Confidential" or
22  "Highly Confidential," as appropriate.

23      7.      Information or material designated as "Confidential," or copies or
24  extracts therefrom and compilations and summaries thereof, may be disclosed,
25  summarized, described, characterized, or otherwise communicated or made
26  available, in whole or in part, only to the Court, pursuant to Paragraph 15 herein,
27  and the following persons, only after they are informed of this Confidentiality
28  Agreement and agree to abide by its provisions:

CV08-01251 RSWL (SSx)

7

1   A.   Counsel of record for the parties to this Action and counsels'
2 employees whose function, in connection with this Action, requires access to such
3 material;

4   B.   Employees of the parties and their agents, whose assistance is needed
5 by counsel of record for the purposes of this Action;

6   C.   Consultants, as defined in Paragraph 10 herein and pursuant to the
7 provisions of Paragraph 11 herein;

8   D.   Court reporters and court reporting staff employed in connection with
9 this action;

10   E.   Professional graphics or design services retained by counsel of record
11 for a party, for purposes of preparing demonstrative or other exhibits for deposition,
12 trial or other proceedings in this action, and professional translation services
13 retained by counsel of record for a party for purposes of this Action;

14   F.   Professional copy services retained by counsel of record for a party for
15 purposes of this Action, and

16   G.   Any other person, only upon written consent of the party producing the
17 confidential information or material, or otherwise upon order of the Court.

18   Each such person, referenced in subparagraphs B, C, E and G above, who is
19 designated to receive "Confidential" material shall, prior to receipt of such material,
20 execute an agreement in the form attached hereto as Exhibit A.

21   8.   Information or material designated as "Highly Confidential," or copies
22 or extracts therefrom and compilations and summaries thereof, may be disclosed,
23 summarized, described, characterized, or otherwise communicated or made
24 available, in whole or in part, only to the Court and the following persons, only
25 after they are informed of this Confidentiality Agreement and agree to abide by its
26 provisions:

27
28

1      A.     Counsel of record for the parties to this Action and counsels'

2 employees whose function, in connection with this Action, requires access to such

3 material;

4      B.     Consultants, as defined in Paragraph 12  herein and pursuant to the

5 provisions of Paragraph 13 herein;

6      C.     Court reporters and court reporting staff employed in connection with

7 this action;

8      D.     Professional graphics or design services retained by counsel of record

9 for a party, for purposes of preparing demonstrative or other exhibits for deposition,

10 trial or other proceedings in this action, and professional translation services

11 retained by counsel of record for a party for purposes of this Action;

12      E.     Professional copy services retained by counsel of record for a party for

13 purposes of this Action, and

14      F.     Any other person, only upon written consent of the party producing the

15 confidential information or material, or otherwise upon order of the Court.

16      Each such person, referenced in subparagraphs B, D and F above, who is

17 designated to receive "Highly Confidential" material shall, prior to receipt of such

18 material, execute an agreement in the form attached hereto as Exhibit A.

19      9.     Counsel of Record

20      A.     For the purposed of Paragraphs 7 and 8 herein, counsel of record shall

21 be defined as attorneys (i) representing parties to the Action (ii) in connection with

22 this Action (iii) who have consented to the jurisdiction of the Court and the laws of

23 the United States of America and the State of California.

24      10.    Consultants

25      A.     For purposes of Paragraphs 7 and 8 herein, a consultant shall be

26 defined as a person who is not an employee of a party, its competitors, nor any of

27 their suppliers, customers or affiliates, nor is anticipated to become an employee in

28 the near future, and who is retained or employed as a bona fide consultant or expert

9

CV08-01251 RSWL (SSx)

1    for purposes of this Action, whether full- or part-time, by or at the direction of

2    counsel for a party.

3        B.     However, if a party believes that a person should be able to serve as a

4    consultant or expert, notwithstanding the fact that the person is an employee of a

5    party, its competitors, or any of their suppliers, customers or affiliates, or is

6    anticipated to become an employee in the near future, the party shall, on a showing

7    of good cause, follow the procedure in Paragraph 11 below for obtaining approval

8    for the affiliated consultant to have access to "Confidential" and "Highly

9    Confidential" documents.

10        11.     The procedure for having a consultant, party employee, or party agent

11    approved for access to information or materials designated as "Confidential" or

12    "Highly Confidential" shall be as follows:

13        A.     The party seeking to have a consultant, as defined in Paragraph 10

14    herein, party employee, or party agent approved shall provide the opposing party

15    with a current resume or curriculum vitae of such person, which shall include a

16    description of past and present employers, persons or entities with whom the

17    consultant, party employee, or party agent has been engaged in any relationships in

18    the food industry and any related industries (including, but not limited to, industries

19    related to any aspect of the treatment, processing, smoking, preservation, storage,

20    sale, promotion, manufacture, importing, or distribution of food; or any material,

21    supply, invention, or equipment related to any of the above listed subjects) and a

22    copy of a completed and signed undertaking in the form attached hereto as Exhibit

23    A. This procedure shall not constitute waiver of any work product privilege,

24    including as to non-testifying consultants.

25        B.     Within ten (10) business days after facsimile receipt or hand delivery

26    of the information and signed undertaking described in subparagraph A by the party

27    seeking approval, the opposing party may object to the person proposed for

28    approval. Any such objection must include a statement of the basis for objection.

CV08-01251 RSWL (SSx)

*[handwritten margin note: All disputes must be resolved by procedures set forth in L.R. 37.]*

*[handwritten margin note: OK]*

1       C.    ~~If~~ the opposing party so objects, the parties shall, ~~within three (3)~~

2  ~~business days from~~ the date of facsimile receipt or hand delivery of the notice of

3  objection, make a good faith attempt to resolve the dispute.  At that conference, the

4  objecting party shall inform the party requesting approval of its reasons for

5  objecting to the designated person.  If the parties cannot resolve the dispute, or if

6  the conference does not take place, then, within five (5) days from the date of the

7  conference or within ten (10) days from the date of the facsimile receipt or hand

8  delivery of notice of objection, the party wishing to disclose the information may

9  move the Court for an order that access to information designated "Confidential" or

10  ~~"Highly Confidential" be granted to the designated person.~~  Such motions shall be

11  brought pursuant to the terms of Local Rule 37.  Until the dispute is resolved by the

12  Court, the consultant shall not be treated as a person authorized to view

13  "Confidential" or "Highly Confidential" documents.  These time periods do not

14  restrict either party from moving for an earlier Court order, if the circumstances so

15  require.

16       D.    An affiliated consultant, under Paragraph 10.B, shall be submitted only

17  on a showing of good cause; the burden of proof to show why access should be

18  granted shall be on the moving party.

19       12.    Any person who is not otherwise qualified under Paragraph 7 or 8 to

20  view information or material designated as (a) "Confidential" or (b) "Highly

21  Confidential," respectively, may be examined as a witness, at trial or during a

22  deposition, concerning any information or material designated as "Confidential" or

23  "Highly Confidential" which that person had lawfully received or authored prior to

24  and apart from this action.  During examination, any such witness may be shown

25  information or material designated as "Confidential" or "Highly Confidential" by a

26  party which appears on its face or from other documents or testimony to have been

27  received, authored or communicated to such person during the relevant time frame

28  at issue during the deposition of that witness.

CV08-01251 RSWL (SSx)

13.     No person or party receiving any document, information or material designated "Confidential" or "Highly Confidential" under this Confidentiality Agreement shall disclose such to anyone not otherwise permitted under this Confidentiality Agreement, and all such disclosures shall be pursuant to the terms and procedures provided herein.

14.     This Confidentiality Agreement has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure, by a party, of documents, information or material designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independent of any proceedings in this action, or which:

A.     Was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action, other than through a non-disclosure, confidentiality or similar agreement;

B.     Is or becomes publicly known through no fault or act of such party; or

C.     Is rightfully received by such a party from a third party, which has authority to provide such information or material without restriction as to disclosure unless such documents, information or material have been sealed or are subject to a protective order of another proceeding.

15.     If a party inadvertently produces information designated as "Confidential" or "Highly Confidential," without marking it as such, the producing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing and the receiving party shall thereafter treat the document, material or information as "Confidential" or "Highly Confidential" material (depending on which of those designations the producing party deems appropriate) under this Order.  To the extent such document, material or information may have been disclosed to persons other than those authorized in this Order, the receiving party shall make every reasonable effort to retrieve the

CV08-01251 RSWL (SSx)

12

1  document, material or information promptly from such persons and to limit any

2  further disclosure to non-authorized person and obtain a copy of a completed and

3  signed undertaking in the form attached hereto as Exhibit A from the non-

4  authorized person.  If a producing party inadvertently discloses to a receiving party

5  information that is privileged or otherwise immune from discovery, the producing

6  party shall promptly, upon discovery of such inadvertent disclosure, advise the

7  receiving party in writing and request that the item or items of information be

8  returned.  It is further agreed that the receiving party will return inadvertently

9  produced item(s) of information and all copies thereof within ten (10) business days

10  of (a) discovery by the receiving party of its inadvertent production, or (b) receiving

11  a written request for the return of such item or items of information, whichever is

12  earlier.  The party having returned such inadvertently produced item or items of

13  information may thereafter, without asserting waiver because of the inadvertent

14  production, seek production of any such documents in accordance with the Federal

15  Rules of Civil Procedure.

16      16.    If information submitted in accordance with the terms of this

17  Confidentiality Agreement is disclosed to any person in a manner not authorized by

18  this Confidentiality Agreement, the party responsible for the disclosure must

19  immediately bring all pertinent facts relating to such disclosure to the attention of

20  the submitter of the information and the Court, and, without prejudice to other

21  rights and remedies of the submitter of the information, make every effort to

22  prevent further disclosure of such information by the party or the recipient of such

23  information.

24      17.    The provisions of this Confidentiality Agreement shall, absent written

25  permission of the producing party or further order of the Court, continue to be

26  binding throughout and after the conclusion of this action, including without

27  limitation any appeals therefrom.  Within sixty (60) days after receiving notice of

28  the entry of an order finally disposing of this action, including any appeals

CV08-01251 RSWL (SSx)

therefrom, all persons having received information or material designated as

"Confidential" or "Highly Confidential" hereunder shall destroy such material and

all copies thereof including summaries and excerpts.  Such destruction shall be

certified by each party in writing.  Alternately, at the option of the producing party

and at that party's expense, a party may request all "Confidential" materials it

produced be returned for its own disposition.  Counsel of record described in

Paragraphs 7.A, 8.A and 9 above shall be entitled to retain one copy of each

document designated as "Confidential" or "Highly Confidential" for reference in

the event of disputes over the use or dissemination of information designated as

such, including, but not limited to, court papers, deposition and trial transcripts and

attorney work product.

      18.    This Agreement shall not abrogate or diminish any contractual,

statutory, or other legal obligation or right of any party or person, nor obligate any

party or person to provide any discovery to which it asserts objections, except

where the objection is based solely on confidentiality, as contemplated herein.

      19.    All photographs taken by or on behalf of the parties pursuant to any

ordered inspection shall be made by digital camera and all of the pictures taken

shall be transmitted to the other party by within twelve (12) days after being taken.

The E-mail transmission of the photos shall bear the notice "Highly Confidential,"

and reproduction of the photos shall bear the same notice. The photos are not to be

used in any other proceeding or for any other purpose than this Action.

      20.    All discovery provided by either party, regardless of any designation,

shall be used exclusively and solely for the legitimate furtherance any claims or

defenses in this Action.

      21.    Notwithstanding the above, any samples of smoke taken by or on

behalf of a party from a providing party shall bear one of the confidentiality notices

described above as required by the providing party from whom the smoke is taken.

The party receiving the smoke shall not use the smoke for any purpose except as

14

CV08-01251 RSWL (SSx)

1  directly related the parties claims and defenses in this Action.  The contents of the

2  smoke and all reference to the smoke are to be held in confidence by the receiving

3  party in accordance with this protective order.

4        22.    All disputes related to this agreement shall be resolved pursuant to

5  Local Rule 37.

6

7

8        Dated this 23rd day of November, 2009 in Salem, Oregon.

9

10

11                                        /s/ Carl D. Crowell

12                               By:   Carl D. Crowell
                                       Attorney for the Plaintiff
13                                     KING TUNA, INC.

14

15

16        Dated this 30th day of November, 2009 in San Diego, California.

17

18

19                                        /s/ Edward Patrick Swan, Jr.

20                               By:   Edward Patrick Swan, Jr.

21                                     Attorney for the Defendants
                                       Luen Thai Fishing Venture, Ltd.,
22                                     East Asia Fish Co., and
23                                     Trident Marketing, Inc.

24

25

26

27

28

                                                        CV08-01251 RSWL (SSx)

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

The undersigned, _____, (print or type name) hereby acknowledges that he/she received a copy of the Confidentiality Agreement entered in the Action titled <u>King Tuna, Inc. v. Luen Thai Fishing Venture, Ltd.,</u> <u>East Asia Fish Co. and Trident Marketing, Inc.</u>, Case No. CV 08-01251 RSWL (SSx), pending before the United States District Court for the Central District of California, has read same and agrees to (1) be bound by all the provisions thereof, (2) submits to the jurisdiction of the United States District Court for the Central District of California in the Matter solely for matters relating to this Confidentiality Agreement (such as enforcement, interpretation, or sanctions), and (3) hereby appoints _____, (print or type name) at

_____

(print or type address), as his/her agent for service of process in connection with this Confidentiality Agreement.

Dated this ____ day of _____, 20__.     _____

(Signature)

101201327.2

**PROOF OF SERVICE**

*King Tuna, Inc. v. Luen Thai Fishing Ventures, et al.*
US District Court – Central District, Case No. CV08-01251 RSWL (SSx)

I, am an attorney with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, CA.  I am a member of the bar of this court, over the age of eighteen and not a party to this action.

On December 2, 2009, I caused to be served the following document(s) described as:

**DISCOVERY DOCUMENT: [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

on the interested parties in this action by the means designated below:

**[ X ]   BY ELECTRONIC FILING** – By the filing of the above-described document(s) with the clerk of the United States District Court, Central District of California, through the CM/ECF system.  The CM/ECF system will send email notification of the filing to the parties and their counsel of record who are registered with the court's CM/ECF system at email address(es) provided as follows:

| | |
|---|---|
| Gerald Greene, Esq.<br>gergreene@earthlink.net | Attorney for *Plaintiff*<br>KING TUNA, INC. |
| Robert C. Pearman, Jr., Esq.<br>robert_pearman@gshllp.com | Attorney for *Plaintiff*<br>KING TUNA, INC. |
| Carl D. Crowell, Esq.<br>carl@kite.com | Co-Counsel for *Plaintiff*<br>KING TUNA, INC. |
| Steven P. Pixley, Esq.<br>sppixley@aol.com | Co-Counsel for *Defendants* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2009 at San Diego, California.

_____/s/ Edward Patrick Swan, Jr._

101097575.1

1