Robert C. Pearman, Jr., Esq. (State Bar No. 77719)
Robert_Pearman@gshllp.com
c/o GONZALEZ, SAGGIO & HARLAN, LLP
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
Tel (213) 487-1400, Fax (213) 487-1402

Carl D. Crowell, *pro hac vice*
carl@kite.com
Michael Elliott, *pro hac vice*
melliott@kite.com
Tel (503) 581-1240, Fax (503) 585-0368
CROWELL ING, LLP
1313 Mill Street, Suite 200
Salem, Oregon 97308

Gerald Greene, Esq. (State Bar No. 144106)
gergreene@earthlink.net
555 West 5th Street, 31st Floor
Los Angeles, California 90013
Tel (213) 996-8484, Fax (213) 996-8483

Attorneys for the Plaintiff

Edward Patrick Swan, Jr.,
Aaron T. Winn
LUCE, FORWARD HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, CA 92101-3372
Tele.: 619.236.1414
Fax:  619.232.8311

Steven P. Pixley, *pro hac vice*
STEVEN P. PIXLEY LAW OFFICES
Third Floor, TSL Plaza
Beach Road
PO Box 7757 SVRB
Saipan, M.P. 96950
Tele.: 670.233.2898/5175
Fax:  670.233.4716

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KING TUNA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LUEN THAI FISHING VENTURES, LTD., a British Virgin Islands corporation; EAST ASIA FISH CO., a Philippines corporation; and TRIDENT MARKETING INC., a California corporation,<br>　　　　　Defendants. | Case No.  CV08-01251 RSWL (SSx)<br>**DISCOVERY DOCUMENT:**<br>Referred to Magistrate Judge Suzanne H. Segal<br><br>**STIPULATED ORDER INSPECTION ORDER RE INSPECTION OF DEFENDANTS' DAVAO TUNA PROCESSING FACILITY; PROOF OF SERVICE**<br><br>Inspection: April 5, 2010<br>Discovery Cut-off:  April 26, 2010<br>Pretrial Conf:  June 29, 2010; 10:00 a.m.<br>Trial:  July 20, 2010; 9:00 a.m. |

**[PROPOSED] STIPULATED ORDER INSPECTION ORDER RE INSPECTION OF DEFENDANTS' DAVAO TUNA PROCESSING FACILITY**

Plaintiff King Tuna, Inc. ("King Tuna") and Defendants Luen Thai Fishing Ventures, Ltd. ("Luen Thai"), Trident Marketing, Inc. ("Trident"), and East Asia Fish Co. ("EAFC") (collectively "Defendants") agree and stipulate to this order governing the conduct of the inspection of the Davao City facility ("Davao Facility").

1. Purpose and Intent:
   a) King Tuna and Defendants shall conduct visual inspection and testing of Defendants' Davao Facility for the purposes of gathering evidence related to the claims and defenses asserted in the above captioned case.
2. Attendees:
   a) The inspection shall be attended by counsel, experts and representatives of the parties. All inspecting parties shall expressly agree to comply with the terms of this order and be bound by the protective order.
3. Recording:
   a) Each party will be permitted to take video and still photos with the opposing counsel and representatives of the opposing party in attendance.
   b) All video and still photos taken in the inspection shall be by digital camera and provided to the opposing party in full digital format (CD-ROM or DVD) within 12 days.
4. Testing:

    a) Parties shall be permitted to take random gas samples at any point before and after there is a material alteration in the gas or material stage in the use of the gas. Such points of collection shall be at King Tuna's sole discretion and properly recorded.

        2) Such points shall include, but not be limited to:

            i. on gas generation;

            ii. pre-filtration;

            iii. post-filtration; and

            iv. pre-treatment of seafood.

    b) During the course of the inspection, all equipment at the Davao Facility shall be functional and operated in the usual course.

    c) If any equipment is no longer operating, Defendants shall attempt to bring the equipment up to operational status for purposes of this inspection. If Defendants are unable to restore the equipment, then Defendants must allow King Tuna to view the current state of the equipment and interview employees who used the equipment while operational.

    d) At each sample point, the parties shall be permitted to mutually take samples of gas. King Tuna intends to use SKC 3 liter Tedlar sample bags, such as SKC Catalog Item no. 232-03. Should Defendants agree to contribute ½ the cost of the bags, King Tuna will provide at least three sample bags for each sample point such that each party may have a sample and a third sample may be reserved for third party tests. Defendants agree to accommodate the Tedlar type bags for the sampling of gas or propose and provide alternate means of taking and transporting of samples which meet or exceed the industry standards of the Tedlar bags.

  e)  King Tuna shall be permitted to sample any other substance utilized in the generation or processing of Defendants' products so long as such sampling is reasonably non-destructive.

  f)  All sampling shall be reasonably non-destructive. Should Defendants wish to submit a claim for compensation due to the value of the samples collected or taken, such a claim shall be submitted within ten (10) days. Any dispute of such submitted claim shall be finally decided by the Court on motions without hearing.

  g)  The samples are to be marked 'Confidential' as set forth in the Protective Order.

5. Time and Location:

  a)  Inspections and testing shall take place on April 5, 2010.

  b)  Sites and locations to be inspected include Defendants' Davao Facility.

///
///
///

6. General Conduct:

    a)     The parties agree to fully cooperate and facilitate the inspection and testing. Should either party be proved to have frustrated or impair the inspection or testing, that party may be assessed the costs and fees associated with any repeat inspection or testing.

Dated this _12th__ day of March, 2010 in Salem, Oregon.

/S/

_____

By:     Carl D. Crowell
          Attorney for the Plaintiff
          KING TUNA, INC.

Dated this _12th__ day of March, 2010 in _____..

/S/

_____

By:

Attorney for the Defendants
Luen Thai Fishing Venture, Ltd.,
East Asia Fish Co., and
Trident Marketing, Inc.

GOOD CAUSE APPEARING, THEREFORE APPROVED AND SO ORDERED

/S/

_____

The Honorable Suzanne H. Segal

United States Magistrate Judge